# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# NUMBER 2022 CE 0812

## LAFOURCHE PARISH DISTRICT ATTORNEY, EX REL. KIM DUFRENE

## VERSUS

## EDWARD GLEN REINHARDT AND THE HON. ANNETTE FONTANA

Judgment Rendered:  AUG 0 3 2022

Appealed from the
Seventeenth Judicial District Court
In and for the Parish of Lafourche, Louisiana
Docket Number C-145319

Honorable Steven M. Miller, Judge Presiding

*************

| | |
|---|---|
| Kristine Russell<br>District Attorney | Counsel for Plaintiffs/Appellees,<br>Kim Dufrene through Lafourche<br>Parish District Attorney Kristine<br>Russell |
| Joseph S. Soignet<br>Lisa Orgeron<br>Assistant District Attorneys<br>Thibodaux, LA | |
| Brent Abadie<br>Lockport, LA | Counsel for Defendant/Appellant,<br>Edward Glen Reinhardt |

*************

BEFORE:  WHIPPLE, C.J., GUIDRY, CHUTZ, LANIER,
AND WOLFE, JJ.

COURT OF APPEAL
1ST CIRCUIT
FILED

2022 AUG -3 AM 8: 54

RODD NAQUIN
CLERK

**WOLFE, J.**

In this suit objecting to the candidacy of Edward Glen Reinhardt for the office of Mayor of the Town of Lockport, the district court rendered judgment granting the objection and disqualifying Mr. Reinhardt as a candidate for that seat. For the following reasons, we reverse.

### FACTS AND PROCEDURAL HISTORY

Mr. Reinhardt was elected Mayor of the Town of Lockport on November 3, 2020. He was sworn into office on January 13, 2021, and began serving a four-year term of office on that date. Approximately ten months later, on November 15, 2021, Mr. Reinhardt resigned from the office of Mayor of the Town of Lockport. As the result of Mr. Reinhardt's resignation, the Town of Lockport was required to call a special election to fill the remainder of his term as mayor, and the special election is scheduled to be held on November 8, 2022.

Following Mr. Reinhardt's resignation, the Town of Lockport, acting through its Council and acting Mayor, passed Ordinance No. 2022-04 on March 15, 2022, which enacted Section 2-213 of the Code of Ordinances for the Town of Lockport. As relevant herein, Section 2-213 provides that an elected town official who retires or resigns from office is ineligible to fill the vacancy so created by his or her resignation or retirement.

Thereafter, on July 20, 2022, Mr. Reinhardt qualified as a candidate for the office of Mayor of the Town of Lockport, by filing the required Notice of Candidacy form with Lafourche Parish Clerk of Court Annette Fontana. On July 26, 2022, Kim Dufrene, through Lafourche Parish District Attorney Kristine Russell, filed a petition objecting to Mr. Reinhardt's qualification as a candidate for the Office and asserting that pursuant to Section 2-213 of the Code of Ordinances for the Town of Lockport, Mr. Reinhardt should be disqualified as a

2

candidate for the office of Mayor of the Town of Lockport in the special election for that office to be held on November 8, 2022.[1]

Mr. Reinhardt answered the petition and asserted that Town Ordinance No. 2022-04, enacting Section 2-213 of the Code of Ordinances for the Town of Lockport, was invalid and was unconstitutional as applied to him. Accordingly, he averred that Ordinance No. 2022-04 could not serve as the basis for his disqualification as a candidate for the office of Mayor of the Town of Lockport in the November 8, 2022 election.

A hearing was conducted on July 29, 2022. By judgment signed that same day, the district court granted the objection to Mr. Reinhardt's candidacy and disqualified him as a candidate for the office of Mayor of the Town of Lockport.

From this judgment, Mr. Reinhardt has timely appealed.

## LAW AND ANALYSIS

A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office. La. R.S. 18:451.

The parties in the matter stipulated to the facts set forth above and do not dispute that the Town of Lockport does not have a home rule charter and, instead, is a "Lawrason Act" municipality. See La. R.S. 33:321 et seq. The Lawrason Act in La. R.S. 33:384 sets forth qualifications for a mayor of a municipality, stating that "[t]he mayor shall be an elector of the municipality who at the time of qualification as a candidate for the office of mayor shall have been domiciled and actually resided for at least the immediately preceding year in the municipality."

_____

[1]While the petition also set forth a claim for declaratory relief, plaintiffs later withdrew the request for such relief.

3

Regarding the grounds for objecting to a person's candidacy, La. R.S. 18:492(A) provides, in pertinent part, as follows:

An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:

\* \* \*

(3) The defendant does not meet the qualifications for the office he seeks in the primary election.

(4) The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified.

Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to one's candidacy bears the burden of proving the candidate is disqualified. Landiak v. Richmond, 2005-0758 (La. 3/24/05), 899 So. 2d 535, 541. Nonetheless, although Louisiana law favors candidacy, once the party bearing the burden of proof in an objection to candidacy case has established a *prima facie* case that the candidate is disqualified, the burden shifts to the party opposing the disqualification to overcome the other party's *prima facie* case. Russo v. Burns, 2014-1963 (La. 9/24/14), 147 So. 3d 1111, 1114; Landiak, 899 So. 2d at 542. If that party is unable to successfully rebut the evidence establishing the *prima facie* case for disqualification, the objection to the candidacy is to be sustained and the candidate is to be disqualified. La. R.S. 18:494(A); See Russo, 147 So. 3d at 1114.

In support of their objection to Mr. Reinhardt's candidacy, plaintiffs filed into evidence Ordinance 2022-04, enacting Section 2-213 of the Code of Ordinances for the Town of Lockport, which further provides for qualifications or eligibility requirements for those seeking office in the Town of Lockport, in pertinent part, as follows: "A former elected town official who has retired or resigned from office shall be ineligible as a candidate at an election called to fill the vacancy created by that retirement or resignation." The joint stipulations of the

4

parties establish that the Town of Lockport, acting through its duly elected Council and acting Mayor, passed Ordinance 2022-04 on March 15, 2022.

However, as noted above, the Town of Lockport is a municipality with no home rule charter. Under the 1974 Louisiana Constitution, two forms of local government subdivisions are recognized: (1) home rule charter; and non-home rule charter. American Waste and Pollution Control Co. v. St. Martin Parish Police Jury, 609 So. 2d 201, 202 (La. 1992). A home rule charter political subdivision is afforded much autonomy; it is authorized to exercise any powers "not denied by general law or inconsistent with this constitution." La. Const. art. VI, § 5(E). In stark contrast, a non-home rule charter political subdivision is afforded little autonomy; its powers are set forth in La. Const. art. VI, § 7(A) as follows:

> Subject to and not inconsistent with this constitution, the governing authority of a local governmental subdivision which has no home rule charter or plan of government may exercise any power and perform any function necessary, requisite, or proper for the management of its affairs, not denied by its charter or by general law, **if a majority of the electors voting in an election held for that purpose vote in favor of the proposition that the governing authority may exercise such general powers.** Otherwise, the local governmental subdivision shall have the powers authorized by this constitution or by law.

(Emphasis added). Thus, absent voter approval, a non-home rule charter political subdivision, such as the Town of Lockport, can exercise only those powers expressly granted by the constitution or by the legislature. American Waste and Pollution Control Co., 609 So. 2d at 202.

Accordingly, given the absence of an **express grant** of power from the legislature empowering non-home rule charter municipalities to adopt additional qualifications for elected office, an ordinance purporting to establish such

5

qualifications requires voter approval for the municipality to exercise such power.[2]

Applying these precepts herein, we note that while the evidence and stipulations show that the Council and acting Mayor of the Town of Lockport passed Ordinance No. 2022-04 imposing further qualifications for its elected officials, the record does not support a finding that the Council and acting Mayor so acted **with voter approval for the Town to exercise that power**. See La. Const. art. VI, § 7(A). Accordingly, without a showing that Ordinance 2022-04 was passed with approval by a majority of the electors of the Town of Lockport, no *prima facie* case was made to establish that Ordinance 2022-04 could serve as a basis for Mr. Reinhardt's disqualification.

Thus, we are constrained to conclude that the district court erred in disqualifying Mr. Reinhardt as a candidate for the office of Mayor of the Town of Lockport for the upcoming November 8, 2022 election.

## CONCLUSION

For the above and foregoing reasons, the district court's July 29, 2022 judgment declaring Edward Glen Reinhardt ineligible and disqualifying him as a candidate for Mayor of the Town of Lockport in the special election to be held on November 8, 2022, is reversed in its entirety. Costs of this appeal are assessed against plaintiffs, Kim Dufrene through Lafourche Parish District Attorney Kristine Russell.

**REVERSED.**

---

[2]While La. R.S. 18:451.1 of the Election Code addresses the manner in which a local ordinance affecting the qualifications of a candidate for office becomes effective, the language of that particular statute cannot be read to **expressly grant** authority to a non-home rule charter municipality to set such qualifications.